**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>BRIAN WILLIAMS, Warden; J. NASH; V. AUSTIN; M. MINEV; HUBBARD-PICKETT; P. DELPORTO; LEAVITT; PALMER; B. ESTILL; JAMES DZURENDA; ENNIS; MARR, Dr.; JOHNS, Dr.; GEDNEY, Dr.; I. BACA; WALSH; J. MOYLE; BRYAN, Dr.; GARCIA; GALLO; HANKERD,<br><br>            Defendants-Appellees. | No.   22-16996<br><br>D.C. No.<br>3:19-cv-00300-MMD-CLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted December 12, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Paul Klein appeals from the district court's order adopting of the magistrate's Report and Recommendation granting summary judgment in favor of Defendants in a 42 U.S.C. § 1983 action, stemming from incidents during his incarceration, alleging First Amendment and Eighth Amendment claims against Nevada Department of Corrections (NDOC) officials. We have jurisdiction under 28 U.S.C. § 1291, and we review a district court's grant of summary judgment de novo. *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). We affirm.[1]

1.      Klein's First Amendment retaliation claim does not raise a genuine dispute of material fact that Defendants' cell search, which yielded contraband, "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Klein bears the burden of "pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Klein states that the cell search was in retaliation for actions and grievances he filed against NDOC officials. Yet temporal proximity between the cell search and the filing of any action or grievance is, on its own, insufficient to show retaliatory animus given that NDOC officials regularly conduct cell searches. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000); *see also Walker v. Senecal*, 130 F.4th 291, 302

---

[1]      We deny as moot the Defendants-Appellees' motion to take judicial notice of various documents.

(2nd Cir. 2025). Klein's statement that NDOC officials told him the cell search was being conducted at the direction of an NDOC official Klein had initiated an action against, without more, is similarly unavailing. *See Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014); *see also Senecal*, 130 F.4th at 302. Notably, two other cells were searched at the same time as Klein's, indicating that the cell searches were routine, and contraband was discovered in Klein's cell. Together, these events cast doubt on his claim that the search was done with a "retaliatory" intent.

2.      Klein's Eighth Amendment claim does not raise a genuine dispute of material fact that Dr. Bryan knew or could have known that Klein had Hepatitis. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indeed, Klein was not diagnosed with Hepatitis until after Dr. Bryan treated Klein for other health concerns; Klein's clinical signs during his visit with Dr. Bryan did not indicate decreased liver function; and Klein does not otherwise explain why Dr. Bryan should have known Klein had Hepatitis. *See Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014).

      **AFFIRMED.**